IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

MICHAEL CASERTA,

     Plaintiff,

       v.

INTERCALL, INC.,

     Defendant.

_____

CIVIL NO. 13-7790(NLH)(KMW)


**OPINION**

**APPEARANCES:**

MATTHEW S. WOLF
MARISA JEAN HERMANOVICH
MATTHEW S. WOLF, ESQUIRE, LLC
B, 2ND FLOOR
1236 BRACE ROAD
CHERRY HILL, NJ 08034
     On behalf of plaintiff

BRUCE S. ROSEN
MICHAEL ROBERT FUTTERMAN
MCCUSKER, ANSELMI, ROSEN & CARVELLI, PC
210 PARK AVENUE, SUITE 301
PO BOX 240
FLORHAM PARK, NJ 07932

JULIE SPRINGER (ADMITTED PRO HAE VICE)
TIMOTHY CLEVELAND (ADMITTED PRO HAE VICE)
WEISBART SPRINGER HAYES LLP
212 LAVACA STREET, SUITE 200
AUSTIN, TEXAS 78701
     On behalf of defendant

**HILLMAN**, District Judge

     This matter has come before the Court on defendant's motion

for summary judgment on plaintiff's claim that defendant violated

his rights under the New Jersey Law Against Discrimination when he

was terminated from employment due to his age.[1]  For the reasons
set forth below, defendant's motion will be granted.

<u>BACKGROUND</u>

In December 2011, plaintiff, Michael Caserta, was hired by
defendant, InterCall, Inc., as Vice President of Sales when
InterCall acquired plaintiff's former employer, Stream57.
Plaintiff's job as Vice President of Sales was to lead a newly
created pharmaceutical sales team in the events services branch.
Plaintiff was 61 years old when he was hired.  He was hired by
Michael Nessler, an Executive Vice President at InterCall, who was
52 years old.  In March 2012, plaintiff and his supervisor
promoted Brianna Elefant to Director of Event Services and Sales
as part of the same sales team.  Elefant was 30 years old.

By the end of 2012, sales were down significantly, and by
January 2013, Nessler decided to restructure the events services
branch.  Elefant, who has previously reported to plaintiff, was
moved to the "national account channel."  Five other members of
the sales team who had been under plaintiff's supervision were
transferred to the national account channel under Elefant's
supervision.

In March 2013, Nessler wanted to hire the former CEO of

---

[1] Also pending is defendant's motion to seal certain exhibits to
its motion.  Because the Court finds that those documents meet
the requirements of Local Civil Rule 5.3(c)(2), defendant's
motion to seal will be granted.

Stream57, and he determined that he needed the funds from plaintiff's position, as well as another employee's position, in order to pay the salary of the new hire.  Nessler determined that he was going to eliminate plaintiff's position, but he offered plaintiff the option of staying with the company as a sales agent. Plaintiff declined the sales agent role, and he was terminated from InterCall on May 31, 2013.  Plaintiff was 63 years old.

Plaintiff claims that defendant terminated him from employment and replaced him with Elefant, who was more than 30 years younger than him.  Defendant contends that the pharmaceutical sales team was restructured, plaintiff's entire position was eliminated as a part of that restructuring, and Elefant's transfer to the national accounts channel was simply a continuation of the same position she held in the events services branch.  In response, plaintiff contends that defendant's "restructuring" argument is a ruse to cover up defendant's desire to replace plaintiff with a younger individual, which is evidenced by the fact that Elefant assumed plaintiff's role, including the supervision of the same sales representatives that had been under plaintiff's supervision, and that Elefant's "new" position was never posted for other applicants as required by company policy.

Defendant has moved for summary judgment, arguing that no

material facts exist to disprove that (1) plaintiff was not
replaced by a younger person, and (2) age had no bearing on
defendant's staffing decisions.  Plaintiff argues that disputed
material facts abound on these two issues.

**DISCUSSION**

**I.  Jurisdiction**

Defendant removed this action from New Jersey state court to
this Court pursuant to 28 U.S.C. § 1441.  This Court has
jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because
there is complete diversity of citizenship between the parties and
the amount in controversy exceeds $75,000.

**II.  Summary Judgment Standard**

Summary judgment is appropriate where the Court is satisfied
that "the pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, show
that there is no genuine issue as to any material fact and that
the moving party is entitled to a judgment as a matter of law."
Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ.
P. 56(c).

An issue is "genuine" if it is supported by evidence such
that a reasonable jury could return a verdict in the nonmoving
party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor."  Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

## III. Analysis

In order to successfully assert a prima facie claim of age

discrimination under the NJLAD, a plaintiff must show that (1) he was a member of the protected class; (2) he was performing the job at the level that met the employer's legitimate expectations; (3) he was discharged; and (4) the employer sought another to perform the same work after the complainant had been removed from the position. Maiorino v. Schering-Plough Corp., 695 A.2d 353, 364-65 (N.J. Super. App. Div.) cert. denied, 152 N.J. 189 (1997) (citation omitted). Once the plaintiff establishes a prima facie case, a presumption is created that the employer unlawfully discriminated against the applicant.

The burden then shifts to the defendant employer. In order to rebut the presumption of discrimination, an employer must articulate a legitimate, nondiscriminatory reason for the adverse employment action. The defendant employer, however, only carries the burden of production, rather than persuasion, to show a legitimate, nondiscriminatory reason for its action: "It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." Id. (citations omitted).

After the defendant employer has sufficiently set forth a legitimate, nondiscriminatory reason for the adverse employment action, the plaintiff then has the burden of persuasion to show

that the defendant's proffered reason is merely a pretext, i.e.
that it was not the true reason for the employment decision. Id.
(citation omitted).  A plaintiff may accomplish this by showing
that (1) a discriminatory reason more likely motivated the
employer than the employer's proffered legitimate reason, or (2)
the defendant's proffered explanation is "unworthy of credence."
Id. (citation omitted).

     In this case, the parties focus a great deal of their
attention on whether plaintiff was replaced in his position by
Elefant, or whether Elefant maintained her equivalent position
after her transfer and simply took on extra duties as a result of
the restructuring of the pharma team.  Plaintiff argues that
defendant is using semantics to mask its discriminatory motive:
that "restructuring" is really another term for "replacing."
Defendant argues that both plaintiff and Elefant retained their
same titles and salaries after the dismantling of the pharma team,
and it was not until after the restructuring that plaintiff
continued to produce insufficient sales and Nessler sought to hire
a new employee to generate more business.  Defendant argues that
is therefore impossible for Elefant to have "replaced" plaintiff
in a position that plaintiff still held after the restructuring.

     The answer to whether plaintiff was "replaced" or

"restructured" could go either way, and it would not affect
plaintiff's ultimate burden of proof to prove his age
discrimination claims.  The focus instead must be on whether age,
as a prohibited consideration, played a role in the decision-
making process and had a determinative influence on the outcome.
Reynolds v. The Palnut Company, 748 A.2d 1216 (N.J. App. Div.
2000).  A New Jersey Appellate Division case explains the proper
focus in an age discrimination case similar to the one here:

> Consistent with our case law, we can certainly conceive of
> circumstances in evaluating an age discrimination claim where
> the fourth prong can be satisfied when an employer eliminates
> an employee's position, discharges that employee, and then
> redistributes that employee's work among existing younger
> employees.  However, the simple distribution of a terminated
> employee's work among existing employees, who may be younger,
> by itself, does not rise to the level of a prima facie
> showing that the discharge was because of age, and thus
> unlawful. That is so because the issue is not whether the
> protected individual is replaced by a new employee, or
> whether existing employees assume the work following his or
> her departure; rather, the issue to be decided in evaluating
> the fourth prong requirement of a prima facie case is whether
> the adverse employment action took place under circumstances
> that give rise to an inference of unlawful discrimination. In
> addressing that issue, the motion court must review, evaluate
> and weigh the entire record presented to determine whether an
> inference of unlawful discrimination exists.

Winkel v. Spencer Gifts, L.L.C., No. A-1343-08T1, 2010 WL
6090, at *8 (N.J. Super. Ct. App. Div. Jan. 4, 2010) (citation
omitted) (finding that "[t]ermination at age fifty-seven by itself
is an insufficient basis to formulate an inference of

8

discriminatory intent. There must be some showing that the prohibited consideration of age played a role in the employment decision").

Thus, even accepting as true that defendant "replaced" plaintiff with Elefant, a person more than 30 years younger, in order to survive summary judgment plaintiff must provide facts, beyond Elefant's age, to show that defendant's actions were motivated by his age.  In short, plaintiff must provide facts to show that they replaced him because he was 63 years old.[2] Plaintiff has failed to do so.

The entirety of plaintiff's proof regarding his age discrimination claim is: (1) he was replaced by a 30 year old, (2) his belief that the InterCall employees conspired to contrive the "restructuring" and poor performance story as a cover-up, and (3) Nessler and Human Resources employee, Daniel Veytsman, discussed plaintiff's age in the context of "risk" during the restructuring.

---

[2] Defendant does not instantly win if plaintiff had not been replaced by a younger person, although that finding would be placed on the side of the scale that suggests lack of discriminatory motive.  See Williams v. Pemberton Twp. Pub. Sch., 733 A.2d 571, 578 (N.J. Super. App. Div. 1999) ("Under this approach, a showing that a plaintiff was replaced by an individual outside the protected class could support an inference of unlawful discrimination. Similarly, a plaintiff who was replaced by an individual within the protected class but could show other circumstances indicating unlawful discrimination would not be unfairly precluded from presenting a case.").

None of these arguments rebuts defendant's business reasons for plaintiff's termination.

Plaintiff has not provided any proof to refute that the entire pharma team was restructured, or that plaintiff's sales were more than 50% off target, or that a new hire required funds from plaintiff's and another co-worker's positions.  If Elefant had been 63 years old, these three events would still have occurred.  Moreover, when HR noted plaintiff's age to assess "risk," the HR employee stated that plaintiff's age was discussed in the context of ensuring that decisions were made for strictly business purposes and not for any discriminatory purpose, such as race, sex, or age.  (Veytsman Dep. at 38.)  It would be unfairly ironic that a business could not discuss the protected status of an employee to prevent discrimination in the workplace for fear of a discrimination lawsuit based on the fact that the employee's protected status was discussed.

To carry his ultimate burden of persuasion, plaintiff must show that (1) a discriminatory reason more likely motivated the employer than the employer's proffered legitimate reason, or (2) the defendant's proffered explanation is unworthy of credence.  Plaintiff has failed to make either showing.  Overall, there is nothing in the record that shows that defendant exhibited

hostility towards plaintiff's age.  Consequently, plaintiff's claim for age discrimination in violation of the NJLAD fails, and summary judgment must be entered in defendant's favor.

**CONCLUSION**

For the foregoing reasons, defendant is entitled to summary judgment in its favor on plaintiff's age discrimination claim.  An appropriate Order will be entered.


Date: April 6, 2016                      s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.

11